ROYAL INDEMNITY CO. v. COOPER.

In re COOPER.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

No. 2713.

1. Bankruptcy ☞404(1)—Bankrupt's application for discharge must be considered in light of law existing at time of action thereon.

Bankrupt has no vested right to have application for discharge passed on as the law was at the time the suit in bankruptcy was started, or at the time application for discharge was made, and application must be considered in light of law existing at time of action of court in passing on same.

2. Bankruptcy ☞407(6)—Demurrer to specification of objection charging obtaining bond by filing false statement held improperly sustained (Act May 27, 1926, § 6, amending Bankr. Act, § 14b (3); 11 USCA § 32 (b) (3).

Under Act May 27, 1926, § 6, amending Bankruptcy Act, § 14b (3), 11 USCA § 32(b) (3), precluding discharge in case bankrupt has obtained money or property on credit by

materially false statement in writing respecting financial condition, which was in effect at time of passing on application for discharge, demurrer to specification of objection that bankrupt, at time of obtaining bond to secure deposits, filed a statement of financial condition which was untrue and materially false, *held* improperly sustained.

**3. Bankruptcy ⊝⇒407(6)—False statements to secure bond for bank in which bankrupt was director constituted grounds for denial of discharge (Act May 27, 1926, § 6, amending Bankr. Act, § 14b (3); 11 USCA § 32(b) (3).**

Bankrupt's false statements, for purpose of obtaining bond to secure deposits in bank of which he was director, constituted grounds for denial of discharge under Act May 27, 1926, § 6, amending Bankruptcy Act, § 14b (3), 11 USCA § 32(b) (3), though bond was not obtained for himself.

**4. Bankruptcy ⊝⇒404(1)—Bankruptcy Act must be construed strictly against objector to bankrupt's discharge, and liberally in favor of bankrupt.**

Bankruptcy Act (11 USCA) must be construed strictly as against objector to application for discharge, and liberally in favor of bankrupt, yet such rule of construction should not be applied so as to deprive words of statute of their common and accepted meaning.

**5. Bankruptcy ⊝⇒405—Surety on bond obtained by bankrupt to secure deposits in bank of which he was director held entitled to object to discharge.**

Surety on bond obtained by bankrupt to secure deposits in bank wherein he was director *held* entitled to object to discharge on the ground bankrupt, at time of securing bond, filed a statement of financial condition which was untrue and materially false, though claim would not be affected by discharge, if contention was true.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Wilmington, in Bankruptcy; Isaac M. Meekins, Judge.

In the matter of the bankruptcy of W. B. Cooper. From a decree granting a discharge to the bankrupt, the Royal Indemnity Company, objecting creditor, appeals. Reversed in part, in part affirmed, and remanded.

Isaac C. Wright, of Wilmington, N. C., for appellant.

R. C. Lawrence, of Lumberton, N. C., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. This is an appeal from a decree entered on December 23, 1927, in the District Court of the United States for the Eastern District of North Carolina, granting a discharge to W. B. Cooper, bankrupt, appellee.

There were two grounds of objections to the bankrupt's discharge filed by the appellant, Royal Indemnity Company—the first being that, in obtaining from the said Indemnity Company a bond to secure deposits of the state of North Carolina in the Commercial National Bank of Wilmington, N. C., the bankrupt filed with appellant a statement of his financial condition on January 1, 1922, which statement was untrue and materially false, and that, upon failure of the bank, a recovery of more than $25,000 had been had upon the bond; the second ground of objection being that the bankrupt, subsequent to the filing of his petition in bankruptcy, transferred, removed, destroyed, and concealed his property with intent to hinder, delay, and defraud his creditors.

The court below referred the matter to a special master, to hear the evidence and report his findings and recommendations, upon the bankrupt's petition for discharge and specifications in opposition thereto. Before the special master made his report, the court below sustained a demurrer to the first specification. The special master reported the finding of fact on the second specification in favor of the bankrupt, and recommended that the discharge be granted, which recommendation the court below approved, and a decree was entered to that effect, from which action this appeal was taken.

In sustaining the demurrer to the first specification, the court below cited as authority the case of In re Ford (D. C.) 14 F. (2d) 848, and held that the obtaining of a bond, even by giving an admittedly false statement, did not constitute, under the Bankruptcy Act (11 USCA), a bar to bankrupt's discharge. Attorneys for appellee also rely upon In re Tanner (D. C.) 192 F. 572.

The application for the discharge was passed upon after the passage of the amendment of 1926 to the Bankruptcy Act, section 6 of which amendment reads as follows: "(3) * * * Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." 11 USCA § 32 (b), (3).

[1, 2] This court in Lockhart v. Edel et al., 23 F. (2d) 912, held that there is no vested right in the bankrupt to have the application for discharge passed upon as the law was at the time the suit in bankruptcy was started, or at the time of the application for a discharge was made, but that the applica-

tion should be considered in the light of the law existing at the time of the action of the court in passing on same. We therefore conclude that, under the pleadings in this case, the trial judge erred in sustaining the demurrer.

[3] It is contended on behalf of the bankrupt that the bond was not obtained for himself, but for a bank in which he was a director, and that, therefore, the first specification in opposition to the discharge was not sufficient to bring the objection within the purview of the statute. In the case of Levy v. Industrial Finance Corporation et al., 48 S. Ct. 298, 72 L. Ed. —— (decided March 5, 1928), Mr. Justice Holmes says:

"A man obtains his end equally when that end is to induce another to lend to his friend and when it is to bring about a loan to himself. It seems to us that it would be a natural use of ordinary English to say that he obtained the money for his friend. So when the statute speaks simply of obtaining money, the question for whom the money must be obtained depends upon the context and the policy of the act."

[4] It is not necessary to quote authority to the effect that the statute must be construed strictly as against the objector, and liberally in favor of the bankrupt, yet such rule of construction should not be so applied as to deprive the words of the statute of their common and accepted meaning. To do so would be to carry the reason of the rule to an absurd length.

We cannot agree that the reasoning in the two cases relied upon by appellee is controlling here. The bankrupt had given his personal bond to secure the deposit of state funds in the bank, and had deposited collateral for the same purpose, and in securing the bond from the appellant, if he did not obtain money or property on credit, he did at least obtain an extension of credit for the bank. If he was sufficiently interested in the bank to bring him within the rule of the Levy Case, then the effect was the same as if he had obtained the extension of credit for himself. In the light of the amendment to the Bankruptcy Act of 1926, and the decision of the Supreme Court in the Levy Case, we are forced to the conclusion that the court erred in sustaining the demurrer to the first specification.

With respect to the second objection to the discharge, the special master made a report, finding as a fact that the specification was not proven, and this finding has been sustained by the court below, and in this finding we concur.

[5] It is urged on behalf of the appellee that appellant could not object to the discharge, because, if appellant's contention be true, its claim would not be affected by the discharge. The case of In re Meikleham (D. C.) 236 F. 404, is cited with other cases in support of this contention. The Meikleham Case was reversed by the Circuit Court of Appeals for the Fifth Circuit in Grafton v. Meikleham, 246 F. 737, and we find ourselves very much in accord with the reasoning of Circuit Judge Hand in the case of In re Feuer (C. C. A.) 4 F.(2d) 892, where he says:

"We think that any creditor is a 'party in interest,' and that the phrase of section 14b [11 USCA § 32(b)] and form 58 is more general than that chosen by the respondent at bar. While it is of course true that a creditor whose debt is not dischargeable has nothing to fear from a discharge, provided he can make good the exclusion of his debt under section 17 (Comp. St. § 9601 [11 USCA § 35]), yet he may have an interest to avoid that issue, if he can. We see no reason to prevent his opposing the discharge on any statutory ground, and ab initio depriving the bankrupt of his plea in bar to any subsequent action, even though he may believe himself able to interpose a successful replication when the time comes. In short, there is no good reason for saying that he may not have two strings to his bow."

The court below was wrong in sustaining the demurrer to the first specification, and was right in finding against the objector on the second specification. This cause is accordingly remanded to the court below for findings of fact, in order that it may pass upon the questions raised by the first specification.

Reversed in part, affirmed in part, and remanded.