**In the Matter of Carl H. T. SLOSS, Bankrupt.**

United States District Court
S. D. New York.
March 3, 1961.

Wien, Lane & Klein, New York City, for Stella Lewis, petitioner; Ralph W. Felsten, New York City, of counsel.

Sam H. Lipson, New York City, for bankrupt.

EDWARD WEINFELD, District Judge.

An objecting creditor seeks to review an order of the Referee in Bankruptcy which dismissed her specification of objection to the bankrupt's discharge on the ground that it was insufficient under section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), as amended.

The bankrupt filed a voluntary petition on February 18, 1960. On April 28, 1960 petitioner filed her specification of objection, wherein she alleged that the bankrupt had obtained money on credit upon a materially false statement in writing with respect to his financial condi-

tion.[1] The statement had been made in an application for a loan to a creditor other than the objectant herein. At that time section 14, sub. c(3) was general in its application to individuals.

On July 12, 1960 the section was amended by limiting the use of false financial statements as a bar to discharge in bankruptcy to a person engaged in business as a sole proprietor, partnership or an executive of a corporation.

The hearing upon the creditor's objection to the bankrupt's discharge was not held until December 9, 1960. The specification, although sufficient under the then existing Act when filed, was insufficient under the July 1960 amendment. Thus, the issue presented is whether the amendment governs where the hearing on objections to a bankrupt's discharge is held subsequent to its effective date.

 The Referee held the amendment applicable, concluding that the right to a discharge is governed "by the law in force at the time of the determination, and not by the law in force at the time of the filing of the petition in bankruptcy." Accordingly, he dismissed the specification.[2] The Court is satisfied that the ruling of the Referee was correct and accords with controlling authority.

Three Courts of Appeals, ours,[3] the First,[4] and the Fourth[5] Circuits, have held that so long as the rights of parties have not become fixed, the law which governs is that which is in effect at the time the application for a discharge is passed upon, and not that which was in force when the petition in bankruptcy was filed. This view was later reaffirmed by our Court of Appeals, although it noted other authority to the contrary.[6]

The cases relied upon by the creditor are inapposite since, as the Referee pointed out, rights of creditors had already become vested at the time of the amendment there in question. In the instant case, no right of the creditor had accrued at the time the amendment became effective.

 The contention that she had a vested right in the law as it was, either at the time of the filing of the petition in bankruptcy, or when she filed her specifications, is contrary to the authorities cited herein.

The objecting creditor further seeks to distinguish the cases which held that the law on the date of the determination governs discharge applications, on the ground that those cases were decided under the amendment to the Bankruptcy Act of May 27, 1926, which provided that "the provisions of this amendatory Act shall govern proceedings, so far as practicable and applicable, in bankruptcy cases pending when it takes effect * * * *."[7] No such provision is contained in the July 12, 1960 amendment. However, a careful reading of those cases indicates that they turned, not upon the so-called applicability provision of the 1926 amendment, but rather upon the rationale that "there was no vested right in the bankrupt to have the law stand as it was."[8] A creditor has no more right than a bankrupt to have a statute relating to discharges remain constant.

 Moreover, it should be noted that the July 12, 1960 amendment is remedial and was enacted because the prior bar to

1. Originally two specifications were filed, but one was withdrawn.

2. The objecting creditor was afforded an opportunity to file objections in conformity with the amendment, but failed to do so.

3. In re Carter, 2 Cir., 1929, 32 F.2d 186.

4. In re Seaholm, 1 Cir., 1905, 136 F. 144.

5. Royal Indemnity Co. v. Cooper, 4 Cir., 1928, 26 F.2d 585; Lockhart v. Edel, 4 Cir., 1928, 23 F.2d 912.

6. In re Old Algiers, Inc., 2 Cir., 1938, 100 F.2d 374.

7. 44 Stat. 667.

8. In re Seaholm, 1 Cir., 1905, 136 F. 144, 147, which was cited with approval in In re Carter, 2 Cir., 1929, 32 F.2d 186, 188, and Lockhart v. Edel, 4 Cir., 1928, 23 F.2d 912, 913.

discharge of an individual, non-commercial bankrupt was found to be both "too severe a penalty" and "subject to abuse." [9] Since the purpose of the amendment was to liberalize the existing law,[10] in the absence of Congressional intent to the contrary, there is added reason to make it applicable as of the date of determination, particularly so when an amendment unfavorable to a bankrupt, by creating new grounds barring a discharge, has been held applicable.

The order of the Referee is affirmed.

---

9. S.Rep. No. 1688, 86th Cong., 2d Sess. 2 (1960).

10. The Bankruptcy Act is to be liberally construed in favor of the debtor. Wright v. Union Cent. Life Ins. Co., 1940, 311 U.S. 273, 278–279, 61 S.Ct. 196, 85 L.Ed. 184; McMullin v. Todd, 10 Cir., 1955, 228 F.2d 139.