In this action, sounding in conversion, for the alleged violation of the lien rights of the plaintiff created in and to certain funds in the hands of two of the defendants as attorneys for the defendant Clara Russell, as guardian of the person and estate of Terri Russell of Bridgeport, the essential facts from which this controversy arose are not in dispute and may be summarized as follows: The defendants Paul L. Blawie and Alfred R. Belinkie, hereinafter referred to as the defendants, are partners in the law firm of Blawie and Belinkie and are engaged in the general practice of law in the city of Bridgeport. In August, 1969, they were retained by Clara Russell, parent and natural guardian of Terri Russell, a minor, to represent her in connection with a motor vehicle negligence action. This action, against an uninsured motorist, was settled with the client's liability insurance carrier under the uninsured motorist provision of her policy. Prior to the distribution of the proceeds of this settlement, the plaintiff had disbursed public assistance funds to Clara Russell for and in behalf of her daughter Terri Russell. The amount of the settlement received by the defendants after deduction of medical expenses, attorneys' fees, and allowable disbursements exceeded the amount of the public assistance benefits granted by the plaintiff for the benefit of Terri Russell and claimed under its lien. *Page 554 
On February 11, 1971, the state welfare department forwarded to the defendants at their office in Bridgeport a letter requesting that Clara Russell execute an assignment of interest to the commissioner of finance and control in accordance with § 17-83f of the General Statutes. Clara Russell refused to execute the assignment and instructed the defendants to deduct only the medical bills, attorneys' fees, and disbursements from the proceeds and to remit the balance to her in behalf of her daughter Terri forthwith. The local welfare department representative, being advised orally of the position of Clara Russell, indicated that in the event of her refusal to execute the assignment of interest forms authorizing payment to the plaintiff, any future benefits to her would be terminated.
It is the position of the defendants that they were not retained as a collection agency for the plaintiff; that failure to follow the instruction of their client would be in violation of the attorney-client relationship, possibly subjecting them to grievance procedures; that the plaintiff failed to perfect any lien rights against them; and that they therefore have no legal obligation to the plaintiff. With these contentions, we disagree.
The principal question involved in this appeal is whether § 17-83f of the General Statutes created a nonconsensual statutory lien by operation of law on the proceeds of causes of action in the hands of the defendants on receipt of notice of that lien to them.
Section 17-83f of the General Statutes is quoted in the footnote.[1] Its predecessor, § 17-104a, entitled *Page 555 
"Claim of state to proceeds of civil actions in which parent has an interest," was limited to reimbursement for aid paid to parents of beneficiaries of aid to families with dependent children and contained no language regarding the establishment of lien rights in and to any causes of action. The language of § 17-83f broadened the rights of the state to causes of action of all beneficiaries and contained the added provision that the state's claim for reimbursement shall be a lien against the proceeds of the cause of action. It should also be noted that both statutes contained the assignment provisions alluded to above.
Statutes such as § 17-83f which are intended to secure efficient avenues to state governments for reimbursement from welfare beneficiaries for public assistance granted to them, when such reimbursement arises out of personal injury causes of action belonging to the welfare beneficiaries, have been held to be perfectly in accord with the requirements of the United States constitution and the federal statutes governing welfare programs partially subsidized by the federal government. Snell v. Wyman,281 F. Sup. 853, aff'd, 393 U.S. 323. It must, however, be conceded that Snell involved a situation in which a valid assignment had been executed. *Page 556 
It is the contention of the defendants that the state welfare department failed to take any action to protect its claim prior to the disbursement of the funds in their hands. The plaintiff argues, however, that its lien was created by statute on notice to the defendants; that such a lien must be recognized by persons dealing with funds subject thereto; and that the failure of the welfare department to take affirmative action to effectuate collection of its claim does not have the effect of invalidating the nonconsensual statutory lien in the absence of circumstances which might amount to waiver or laches.
A similar problem faces attorneys in connection with their dealing with funds entrusted to their care where conflicting claims might arise. Section 49-73
of the General Statutes provides for the creating of liens on accident and liability policies in favor of hospitals and ambulance services. This statute, although with a different procedural mechanism, does provide for a lien, after notice, on the proceeds of any accident and liability insurance policy issued by any company authorized to do business in this state. Section 17-83f does not provide for the giving of notice in the manner set forth in § 49-73. The plaintiff, however, concedes that notice of such a statutory lien against the proceeds of a cause of action must be received by third parties before any subsequent liability may attach, since the due process clause of the United States constitution would require nothing less than procedural fairness when one sues another for misappropriating or converting liened property. It is noted in 1 Kaye and Moller, Connecticut Civil Practice, page 18, citing § 49-73, that while there is no lien for physicians' services, there may well be one for the hospital.
The lien rights of the state are recognized inMcDougald v. Norton, 361 F. Sup. 1325, in which *Page 557 
the federal court recognized that even in the absence of an assignment as provided for in § 17-83f, this section gives the state a lien against all causes of action belonging to a public assistance beneficiary.McDougald involves a suit by a recipient of public assistance and her attorney to enjoin the state from taking any action under General Statutes §§ 17-83e and 17-83f to secure reimbursement from a workmen's compensation award to the recipient and to impose liability on her attorney for any claimed dereliction of his duty under the statute. The court noted that General Statutes § 31-320 makes sums due under workmen's compensation "exempt from attachment and execution and ... nonassignable before and after award." General Statutes § 17-83f makes provision for assignment of all causes of action possessed by public assistance beneficiaries to the state "irrespective of any other provision of law." In rendering judgment upholding the lien of the state, the court held that there was no denial of equal protection of the laws and that the protection of public welfare funds was a valid purpose of a statutory enactment.
The defendants question the necessity of the provision for assignment at all. In that regard it must be noted that the assignment provision was extant in the predecessor statute (§ 17-104a) before the provision for the creation of a lien was inserted into the 1969 legislation (Public Acts 1969, No. 730). The plaintiff contends that the voluntary execution of an assignment of the proceeds merely serves notice on the welfare department to continue granting the public assistance benefits. If the welfare department did not receive such a notice, payments would be discontinued. The provision for assignment eliminates any possible conflict of interest claim by the attorney's client for the disbursing of funds to the state, since the client has already consented by *Page 558 
the assignment to the payment to the welfare commissioner. The assignment provision has the added feature of protecting the attorney in the event of disagreement between the client and the state welfare department regarding the amount of the latter's claim. With or without the assignment provision of the statute, the attorney becomes, not a collection agency for the state, but a stakeholder of funds against which conflicting claims are outstanding. The execution of an assignment puts to rest these adversary claims and relieves the stakeholder of a contingent liability in the future.
Under the circumstances involved in this case, this court concludes that the statute, § 17-83f, grants to the state welfare department a valid lien on the proceeds of the cause of action in the hands of the defendants; that the department is not precluded by its failure to take affirmative action to insist on its lien rights; and that the action of the defendants in disbursing the funds in disregard of the plaintiff's lien constituted a conversion for which the plaintiff is entitled to damages. A conversion is an unauthorized assumption and exercise of a right of ownership over property belonging to another, to the exclusion of the owner's right. The essence of the wrong here is that property rights of the plaintiff have been dealt with in a manner which is adverse to it, is inconsistent with its right of dominion, and is to its harm. Coleman v. Francis, 102 Conn. 612,615; Gilbert v. Walker, 64 Conn. 390, 394.
 There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.