In re James N. LEACH, Debtor.

STATE OF CONNECTICUT, Plaintiff,

v.

James N. LEACH, Defendant.

Bankruptcy No. 5–81–00437.

Adv. No. 205–81–0259.

United States Bankruptcy Court,
D. Connecticut.

Dec. 24, 1981.

Edward F. Reynolds, Jr., Asst. Atty. Gen., State of Conn., Hartford, Conn., for plaintiff.

Francis J. Grady, Waterbury, Conn., for debtor.

## MEMORANDUM AND ORDER

ALAN H. W. SHIFF, Bankruptcy Judge.

This opinion considers the effect of the recent amendments[1] in the Omnibus Budget Reconciliation Act of 1981 on a debtor's right to discharge. The State of Connecticut has filed a complaint to determine the nondischargeability of the debtor's child support obligations. In addition, the State has objected to an exemption asserted by the debtor in connection with the settlement of his personal injury claim.

### I.

### BACKGROUND AND FINDINGS

The material facts necessary for a resolution of the issues in this proceeding are undisputed and are as follows:

The debtor received $63,018.83 in public assistance from the State of Connecticut, including child support payments in the amount of $44,785.34 made under the Aid To Families With Dependent Children Program (AFDC). The debtor's obligation of support was assigned to the State pursuant to section 402(a)(26) of Title IV of the So-cial Security Act.[2] The State also obtained a priority claim and a lien on the proceeds of the debtor's personal injury cause of action pursuant to the General Statutes of Connecticut §§ 17–83e,[3] 17–83f.[4]

On November 11, 1977, the debtor's attorney received notice of the State's statutory lien. On or about April 10, 1981, the debtor received $12,500.00 in settlement of his personal injury claim and on April 20, 1981, the debtor filed a petition under chapter 7 listing the net proceeds of his personal injury claim as exempt property on Schedule B–4 of his petition. The debtor's attorney currently holds the proceeds. The debtor also listed the public assistance as a debt to the State on Schedule A–3. On August 20, 1981, the trustee received notice of the State's lien.

### II.

### ISSUES

Although the State has raised several issues, including voidable preferences and nondischargeability of debts for obtaining money by false pretenses or actual fraud, the dispositive issues in this case follow.

---

1. Pub.L.No. 97–35, § 2334, 95 Stat. 863, effective August 13, 1981 provides:

   (a) Section 456 of the Social Security Act is amended by adding at the end thereof the following new subsection:

   "(b) A debt which is a child support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code."

   (b) Section 523(a)(5)(A) of title 11, United States Code, is amended by inserting before the semicolon the following: "(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act)."

   (c) The amendments made by this section shall become effective on the date of the enactment of this Act.

2. Section 402(a)(26) to Title IV of the Social Security Act in relevant part provides:

   A state plan for aid and services to needy families with children must provide that as a condition of eligibility, each applicant or recipient will be required (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying or receiving aid, and (ii) which have accrued at the time such assignment is executed.

3. Conn.Gen.Stat. § 17–83e (1981) *Claim of State for repayment of aid* in relevant part provides:

   The State of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary . . .

4. Conn.Gen.Stat. § 17–83f (1981) *State claim against proceeds of cause of action* in relevant part provides:

   In the case of causes of action to beneficiaries under this chapter, the claim of the state shall be a lien against the proceeds therefrom under section 17–83e, and shall have priority over all other claims . . . The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17–83e, irrespective on any other provision of law.

## A.

### Dischargeability

Is the debt excepted from discharge under Code § 523(a)(5) or other applicable law?

## B.

### Exemption

If the debt is not discharged, are the settlement proceeds liable for that debt under Code § 522(c)?

The State's pro forma claim, challenging the constitutionality of this court's exercise of jurisdiction in such matters was rejected by Judge Robert L. Krechevsky in the bankruptcy court for this district at Hartford in a decision embraced by the Court of Appeals for the Second Circuit in *In re Glidden,* 8 B.R. 128, 7 B.C.D. 117, (Bkrtcy.) *aff'd,* 653 F.2d 85 (2nd Cir. 1981), *petition for cert. filed,* 81–565 (U.S. Sept. 18, 1981). Consequently, this issue will not be discussed further in this opinion.

## III.

## DISCUSSION

## A.

### Dischargeability

It should be noted parenthetically that the discharge ordered in this case merely released the debtor from his dischargeable debts. 11 U.S.C. § 727(b). In the instant proceeding the State seeks a determination that the debt occasioned by the grant of public assistance to the debtor's children is nondischargeable pursuant to 11 U.S.C. § 523(a)(5), as amended. The debtor, on the other hand, claims that debts arising out of support obligations assigned to another entity (such as the State) are dischargeable. Thus, while both parties claim that Code § 523(a)(5)(A) applies to the issue of dischargeability of the debt to the State of Connecticut, the debtor seeks a determination on the basis of this Code section as it was on the date of his discharge, whereas, the State argues that the recent amendment of that section should control, as it is the law in effect at the time of this decision.[5]

The question of what law applies was settled by *In re Spell,* 650 F.2d 375 (2d Cir. 1981). The court in *Spell* at page 377 observed:

This general principle that a court must apply the law that exists as of the date it renders its decision has been consistently applied in cases arising under the Bankruptcy Act. The issue has arisen most frequently in the context of a change of law in the period between the filing of a bankruptcy petition and the court's ruling on the bankrupt's application for a discharge from bankruptcy. In these cases, this circuit has repeatedly held that "[t]he grounds which would bar a discharge [must be] determined by the law in force at the time the judge passed on the question of discharge . . ." *In re Carter,* 32 F.2d 186, 188 (2d Cir. 1929); see also *United Wallpaper Factories v. Hodges,* 70 F.2d 243 (2d Cir. 1934); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir. 1928); *In re Sloss,* 192 F.Supp. 136 (S.D.N.Y.1961). It is noteworthy that this rule was applied even though the result for the bankrupt was harsh, as *In re Carter,* supra, or *Royal Indemnity Co. v. Cooper,* supra.

The court concluded that the law on the date of the determination of dischargeabili-

---

5. 11 U.S.C. § 523
    (a) A discharge under section 727... of this title does not discharge an individual from any debt
        (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise *(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act).* (Emphasis represents the addition made to § 523(a)(5)(A) by Pub.L.No. 97–35, § 2334(b), 95 Stat. 863, effective August 13, 1981.)

ty must be applied even if it differs from the law on the date the debtor received his discharge. Accordingly, if the parties were correct that Code § 523(a)(5)(A) governs the issue of dischargeability in this case, it would follow that the recent amendment to that subsection would render the debt to the State nondischargeable.

■ The parties, however, have overlooked the plain language of Code § 523(a)(5) to the effect that the debt for support must be "in connection with a separation agreement, divorce decree or property settlement agreement". This requirement was stressed in 3 *Collier on Bankruptcy* Par. 523.15[2] page 523–109 (15th ed. 1979):

> Section 523(a)(5) also excepts from the operation of a discharge debts for "maintenance for, or support of both spouse or child." This provision applies only "in connection with a separation agreement." This qualifying clause did not appear in section 17a(7) of the Bankruptcy Act, and represents a significant change. Section 17a(7) was construed to apply to the common law liability involuntarily imposed upon the parent for support of a child. The provisions of section 523(a)(5) are clear that liability for maintenance and support are dischargeable unless the liability arises in connection with a separation agreement, divorce decree, or property settlement agreement.

No claim was made in this proceeding that the child support debt had such an origin. I therefore conclude that the debt to the State of Connecticut is not excepted from discharge by Code § 523(a)(5)(A) as amended, but that conclusion is not dispositive of the question of dischargeability.

6. Pub.L.No. 97–35, § 2334(a), 95 Stat. 863.

7. Pub.L.No. 97–35, § 2334(c), 95 Stat. 863.

8. The fact that 11 U.S.C. § 523(a) was not amended to reflect the change in 42 U.S.C. § 656 is not inconsistent with this conclusion. Congress need not write every law affecting discharge into title 11 of the United States Code. For an earlier example, the prior law making certain educational loans nondischargeable was contained in section 439A of Part B of title IV of the Higher Education Act of 1965, not in the Bankruptcy Act.

■ The controlling law is found in section 456 of the Social Security Act, 42 U.S.C. § 656, which was amended in the same enactment that amended 11 U.S.C. § 523(a)(5)(A). The amended 42 U.S.C. § 656 now includes the following subsection: "(b) A debt which is a child support obligation assigned to the State under 402(a)(26) [of the Social Security Act, 42 U.S.C. 602(a)(26)] is not released by a discharge in bankruptcy under title 11, United States Code." [6] As was the case with the amendment to 11 U.S.C. § 523(a)(5)(A), the amendment to 42 U.S.C. § 656 became effective August 13, 1981,[7] and the holding of *In re Spell*, as noted above, dictates that the amendment to 42 U.S.C. § 656 be applied in the instant case. I accordingly conclude that the debt in this proceeding which consists of a child support obligation assigned to the State is not discharged.[8]

## B.

### Exemption

Having decided that Leach's debt to the State of Connecticut is not discharged, attention is now directed to the State's objection to the debtor's assertion that the settlement proceeds of his personal injury claim are exempt.

■ The filing of a petition in bankruptcy creates an estate, consisting of essentially all of the debtor's property. Even property which is needed for a fresh start is initially included in the estate but subject to the debtor's exemption rights under Code § 522. Code subsections 522(d)(11)(D) and (E) [9] permit the debtor to exempt payments

9. 11 U.S.C. § 522
(d) The following may be exempted . . .
(11) The debtor's right to receive, or property that is traceable to—
(D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

on account of bodily injury and lost earnings. Code § 522(d)(5) permits a debtor to exempt any property up to the value of $400.00 plus any unused amount allowable under the so-called homestead exemption.

The question then is not whether the debtor is entitled to claim settlement proceeds as exempt property, but rather whether such property is liable for his prepetition debt to the State of Connecticut. The resolution of this issue is found in an analysis of Code § 522(c).[10]

Exposure of exempt property to prepetition debts under Code § 522(c)(1) depends upon a finding that the debt arose in connection with a "separation agreement, divorce decree or property settlement agreement" as specified in Code § 523(a)(5). Since, as stated above, no such debt has been asserted in this proceeding, Code § 522(c)(1) does not apply.

Under Code § 522(c)(2), exempt property remains liable to prepetition debts to the extent that the property is subject to a lien not avoided under various sections of the Bankruptcy Code. The debtor has conceded that the State has a valid statutory lien on the settlement proceeds of his personal injury claim. He contends, however, that the lien was not perfected or enforceable against a bona fide purchaser on the date his petition was filed and therefore is voidable pursuant to Code §§ 545(2)[11] and 522(h).[12] I agree.

■ For a determination of whether a state statutory lien is perfected or enforceable against a bona fide purchaser, bankruptcy courts look to the law of the state which created the lien. 4 *Collier on Bankruptcy* Par. 545.04[2], page 545–18 (15th ed. 1979).

■ Section 17–83f of the Connecticut General Statutes is silent regarding the rights of a bona fide purchaser. The statute merely provides that the State's lien shall have priority over all other claims except attorney's fees and costs and certain medical and hospital expenses. The claims over which the State has superior rights are claims against the debtor for a right to the property. A bona fide purchaser does not have a claim against the debtor. If the legislature of the State of Connecticut had intended to make the State's lien on the proceeds in section 17–83f enforceable

---

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

10. 11 U.S.C. § 522(c) provides in pertinent part
(c) Unless the case is dismissed property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case, except—
(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title: or
(2) a lien that is—
(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;
The relevant legislative history notes:
Subsection (522)(c) insulates exempt property from prepetition claims except tax and alimony, maintenance or support claims that are excepted from discharge. The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. Cf. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555,

583 [55 S.Ct. 854, 860, 79 L.Ed. 1593] (1935). H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 361 (1977) S.Rep.No. 95–989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

11. 11 U.S.C. § 545
The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;

12. 11 U.S.C. § 522
(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
(1) such transfer is avoidable by the trustee under section ... 545 ... of this title ... and:
(2) the trustee does not attempt to avoid such transfer.

against a bona fide purchaser, it could have done so with the use of the appropriate statutory language.

The State does not refer directly to section 17–83f to explain when and against whom its lien was perfected. Instead, the State relying upon *Connecticut v. Blawie*, 31 Conn.Supp. 552, 334 A.2d 484, (1974), cert. denied, 167 Conn. 693, 333 A.2d 70 (1975), contends that notification of its statutory lien to the debtor's attorney on November 30, 1977 perfected its lien. In the alternative, the State argues that the August 18, 1981 notification served on the chapter 7 trustee retroactively perfected its lien to the date the petition was filed pursuant to 11 U.S.C. § 546(b).[13] The State's reliance on both *Blawie* and 11 U.S.C. § 546(b) is misplaced.

In *Blawie*, the court held that a welfare recipient's attorney who had notice of the State's lien under section 17–83f but nevertheless distributed the settlement proceeds was liable for conversion. *Blawie* does not suggest that notice to the recipient's attorney perfected the lien against a bona fide purchaser.

The State's argument based on 11 U.S.C. § 546(b) is equally without merit. Code § 546(b) allows postpetition perfection to relate back to the date of filing, if applicable law allows retroactive perfection against an intervening interest holder. Since neither section 17–83f nor *Blawie* makes any provision for perfection against an intervening interest holder, Code § 546(b) offers no support to the State.

Finally, the State attempts to defend against the debtor's claim under 11 U.S.C. § 545(2) with the argument that a bona fide purchaser could not exist under the facts and circumstances of this proceeding. In that context, the State reasons that a transferee of cash, drafts, or checks is an "exchangee" or a "donee" but, in any event, is not a purchaser. This argument ignores commercial reality and the well established principle that one who obtains money in a bona fide transaction is "clothed with title for his protection." See *Olmstead v. Winstead Bank*, 32 Conn. 278, 285 (1864); see generally 54 *Am.Jur.2d*, Money, §§ 6–8. If, for example, the debtor had used the proceeds to purchase an object, the State would have no recourse against the third party who gave fair consideration without notice of the State's lien.

### IV.

### ORDER

It is accordingly

ORDERED that, judgment enter in favor of the State of Connecticut, determining that the prepetition debt for child support owed by the debtor is nondischargeable, and it is

FURTHER ORDERED that the objection of the State of Connecticut to the exemption claimed by the debtor as to the settlement proceeds from his personal injury claim is overruled.

---

**13.** 11 U.S.C. § 546(b) in relevant part provides:

The rights and powers of the trustee under section . . . 545 . . . of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.