In the Matter of Gerald Joseph ROEDEL, Debtor.

HUDSON COUNTY WELFARE DEPARTMENT, Plaintiff,

v.

Gerald Joseph ROEDEL, Defendant.

Bankruptcy No. 82–0643.

United States Bankruptcy Court, D. New Jersey.

Jan. 3, 1983.

Joseph V. Kealy, Jr., Acting Hudson County Counsel, Jersey City, N.J. by Rody J. Costanzo, Bayonne, N.J., for plaintiff.

Schwartz, Tobia & Stanziale by Raymond T. Lyons, Jr., East Orange, N.J., for defendant/debtor.

## OPINION

D. JOSEPH DeVITO, Bankruptcy Judge.

The plaintiff, Hudson County Welfare Department (HCWD), objects to the discharge of the debtor's alimony and support debt previously assigned by the debtor's ex-wife to HCWD, pursuant to 42 U.S.C. § 602[a][26] (1975–81 Supp.).

Upon the factual record, it appears that the debtor's ex-wife obtained a judgment of divorce on November 21, 1980, which provided, *inter alia,* for alimony and support payments to be made by the debtor to his ex-spouse.

During 1980 and 1981, the debtor's ex-wife received benefits from the Aid to Families with Dependent Children Program (AFDC). Pursuant to § 402[a][26] of the Social Security Act, 42 U.S.C. § 602[a][26] (1975–81 Supp.), Mrs. Roedel was required to assign her alimony and support rights to HCWD.

On July 10, 1981, the debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. HCWD was not listed on the debtor's original schedule of creditors, notwithstanding arrearages in the alimony and support payments which, at the filing date, amounted to $5,460.00.

On November 30, 1981, debtor's discharge issued, relieving the debtor of all dischargeable debts.

On December 16, 1981, the Hudson County Probation Department moved in state court to recover the delinquent payments. At the state court hearing, debtor's counsel informed that court of Roedel's bankruptcy filing and of his intention to amend the schedules therein to include HCWD, whereupon the state court hearing was adjourned pending the amendment.

On March 3, 1982, the debtor amended his schedules to add HCWD as an unsecured creditor, followed by the order of this Court providing for notification to HCWD of its right to file an objection to the debtor's discharge, the dischargeability of a particular debt, or to file a proof of claim.

On June 9, 1982, HCWD filed its complaint, which this Court views as sufficient to raise the issue of the dischargeability of subject debt, pursuant to § 523[a][5] of the Bankruptcy Code.

Section 523[a][5][A] originally provided that:

[a] A discharge under section 727, 1141, or 1328[b] of this title does not discharge an individual debtor from any debt—

■ to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

[A] such debt is assigned to another entity, voluntarily, by operation of law, or otherwise;

On August 13, 1981, § 523[a][5][A] was amended by the enactment of § 2334 of the Omnibus Reconciliation Act of 1981, Pub.L. No. 97–35, 95 Stat. 863, which reads in pertinent part:

[b] Section 523[a][5][A] of title 11, United States Code, is amended by inserting before the semicolon the following: "(other than debts assigned pursuant to section 402[a][26] of the Social Security Act)".

[c] The amendments made by this section shall become effective on the date of the enactment of this Act.

It is apparent that on July 10, 1981, the filing date of the bankruptcy petition, debtor's obligation to HCWD was dischargeable, and that on the day the schedule of creditors was amended and thereafter, debts of that nature were nondischargeable.

HCWD contends that the law in effect at either the time of the amendment or decision governs the issue of dischargeability. The debtor, to the contrary, urges the Court to apply the law applicable at the time of the bankruptcy filing. Though Congress provided that the amended version of § 523[a][5][A] became effective on the date of enactment (August 13, 1981), it did not address the issue under consideration. The legislative history of § 2334 of the Omnibus Budget Reconciliation Act similarly offers no guidance. *See* S.Rep. No. 97–139, 97th Cong., 1st Sess. 523 (1981), U.S.Code Cong. & Admin.News, pp 396, 790.

For the reasons stated *infra,* the Court concludes that § 523[a][5][A], as amended by § 2334 of the Omnibus Reconciliation Act of 1981, is controlling, with the debtor's obligation to HCWD determined to be non-dischargeable.

▮ The position adopted by this Court is in accordance with the traditional view that the law to be applied in a nondischargeability action is the law in force at the time of decision, and not the law in effect at the time the petition is filed. *See, In re Spell,* 650 F.2d 375 (2d Cir.1981); *In re Blair,* 644 F.2d 69 (2d Cir.1980); *In re Carter,* 32 F.2d 186 (2d Cir.1929); *Royal Indemnity Co. v. Cooper,* 26 F.2d 585 (4th Cir. 1928); *Lockhart v. Edel,* 23 F.2d 912 (4th Cir.1928); *Matter of Sloss,* 192 F.Supp. 136 (S.D.N.Y.1961); *In re Leach,* 15 B.R. 1005, 8 B.C.D. 589 (Bkrtcy.D.Conn.1981). *But see Matter of Flamini,* 19 B.R. 303, 8 B.C.D. 1289 (Bkrtcy.E.D.Mich.1982); *Heldt v. South Dakota,* 17 B.R. 519, 5 C.B.C.2d 71 (Bkrtcy.D.S.D.1982). The underlying rationale of the foregoing decisions is that the right to a discharge does not vest upon the filing of a bankruptcy petition. *See In re Carter, supra; Royal Indemnity Co. v. Cooper, supra; Lockhart v. Edel, supra.* Thus, if Congress decides to broaden the list of nondischargeable debts after a debtor files a petition, but before a discharge is granted, the only harm to the debtor is disappointment, an insufficient basis for freezing the discharge provisions applicable to a debtor at the time of filing.

The debtor, relying on *Matter of Flamini, supra,* one of two bankruptcy cases holding that the law in existence at the time of filing controls the issue of dischargeability, contends that applying the amended version of § 523[a][5][A] to cases commenced prior to August 13, 1981, disregards the principle that statutes operate only prospectively.

▮ While the rule of statutory construction cited by *Flamini* is sound, *see, e.g., United States v. Security Industrial Bank,* 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982); *United States v. Richardson,* 512 F.2d 105 (3d Cir.1975), it is not pertinent to the circumstances here. Applying § 523[a][5][A], as amended, to cases filed prior to its effective date is not retroactive in nature. A retroactive statute has the effect of interfering with or impairing vested rights. *See Lohf v. Casey,* 330 F.Supp. 356, 357 (D.Colo.1971), aff'd, 466 F.2d 618 (10th Cir.1972).

The Supreme Court decision of *United States v. Security Industrial Bank, supra,* illustrates the concept of retroactivity. In *Security Industrial,* the court reviewed the Tenth Circuit decision which held that the exemption provided by § 522[f][2] of the Code wiped out liens on property which were created prior to the effective date of the Code. The Supreme Court, relying on the principle favoring prospective application of statutes, reversed. The decision emphasizes that reliance on the rule of construction was justified in order to prevent § 522[f][2] from destroying property rights which had vested prior to the passage of the Code.

Since the right to a discharge is not a property right and, as noted earlier, does not vest upon the filing of a petition for relief, there is no reason to apply the law relating to dischargeability as it existed when the petition was filed.

In addition to the retrospective argument, the *Flamini* decision, cited by the debtor, was influenced by "disturbing practical complications", 19 B.R. at 307, 8 B.C.D. at 1291, that would flow from applying the law existing at the time of decision. The

*Flamini* court was concerned with the probability of a governmental agency, assignee of undischarged support obligations, triggering "countless actions which had been written off." *Id.* Because of the Congressional determination that a parent's support obligation should not be discharged by means of a bankruptcy proceeding, this Court is not disturbed by the scenario suggested by the *Flamini* court.

This Court rejects the debtor's contention that the goals of certainty and finality will be undermined by determining dischargeability without reference to the law existing at the time of the initial filing. As noted *supra,* the act of filing does not automatically entitle a debtor to a discharge; thus, application of the law as it exists at a later time does not disturb a "final" determination of rights.

Submit an order in accordance with the above.