**In re Roy Lee GREEN, Debtor.**

**Roy Lee GREEN, Plaintiff,**

**v.**

**STATE OF CONNECTICUT, Defendant.**

**Bankruptcy No. 5–82–00863.**
**Adv. No. 5–83–0025.**

United States Bankruptcy Court,
D. Connecticut.

Jan. 20, 1984.

Francis X. Dineen, New Haven, Conn., for plaintiff.

Wilbur Ward Dinegar, Asst. Atty. Gen., Hartford, Conn., for defendant.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

### BACKGROUND

The plaintiff-debtor has commenced this adversary proceeding to determine the dischargeability of a debt owed to the State of Connecticut arising out of a 1981 child support obligation allegedly assigned to the State under the Aid To Families With Dependent Children Program (AFDC), Title

IV–D of the Social Security Act as amended.[1]

The parties have entered into the following stipulation which together with an attached copy of a 1979 assignment by the debtor's daughter's mother[2] and a certified copy of the court file in *State of Connecticut v. Roy Green* (Superior Court of the State of Connecticut, G.A. 6, Case Number FA 6–3990–SPT) constitutes all of the evidence in this proceeding:

1. From April 7, 1981, Plaintiff's daughter, although under 18 years of age, applied for and received public assistance under the Aid to Families with Dependent Children Program (Title IV–D of the Social Security Act, as amended) on her own as an unwed pregnant woman. She became 18 years of age on October 10, 1981.

2. The plaintiff's daughter, Rosemary Ogman, has not signed any written assignment of rights to support.

3. By the time the plaintiff's daughter applied for and received her own award (effective April 7, 1981), Conn.Gen.Stat. § 17–82b as amended by PA 80–55 was in effect. The defendant claims that this State Law effected the assignment of plaintiff's daughter's support rights to the State by operation of law on application; the plaintiff denies this claim.

4. Previously, when the plaintiff's daughter's mother applied for public assistance for herself and the plaintiff's daughter (December, 1979), she executed a document for the defendant entitled "Assignment of Rights to Support, Pursuant to Title IV of the Social Security Act as Amended." A copy of this document is attached hereto.

5. On July 26, 1982, the plaintiff filed his petition for relief in the Bankruptcy Court, pursuant to Title 11 of the United States Code.

6. Included in the list of unsecured creditors set forth in Schedule A–3 of the plaintiff's schedule in bankruptcy was the defendant State of Connecticut. See paragraph 3 of the Complaint which is admitted.

7. The total amount of public assistance paid to the plaintiff's daughter, which the defendant claims is subject to reimbursement under Federal and/or State law, up to the date of the petition, amounts to $1,383.24 (crediting any repayments made).

8. On December 1, 1982, the plaintiff received his Discharge in Bankruptcy in the Chapter 7 bankruptcy case.

9. On or about January 5, 1983, the plaintiff brought this adversary proceeding seeking, among other relief, a determination of dischargeability of his indebtedness to the defendant.

10. The claim of the State of Connecticut does not arise out of any separation agreement, divorce decree or property settlement agreement; but does arise from an order of the Superior Court in support proceedings. *State of Connecticut v. Roy Green*, Docket No. FA 6–3990–SPT, and covers the liability of the plaintiff for the support of his minor daughter only from April 7, 1981 until her 18th birthday, October 10, 1981. A certified copy of the Superior Court file shall be filed with the Court as an Exhibit.

---

**1.** Debts which are child support obligations assigned to a State as a condition of AFDC eligibility are not dischargeable in bankruptcy. 42 U.S.C. § 656(b). *See In re Leach,* 15 B.R. 1005 (Bkrtcy.D.Conn.1981).

**2.** The assignment of the plaintiff's daughter's mother (the mother), dated December 6, 1979, is not material in these proceedings. The assignment provides, "This assignment shall terminate with respect to current support rights upon termination of eligibility for cash assistance ..." Eligibility of the mother and the plaintiff's daughter are mutually exclusive. "Each such dependent child shall be supported in a home in this state, suitable for his upbringing, which such relative maintains as his own." Conn.Gen.Stat, § 17–85. If the plaintiff's daughter were not maintaining her own home for her unborn child and herself, she would not have been eligible for assistance in her own right. The mother's eligibility terminated when she was no longer furnishing a home for the plaintiff's daughter.

## II.

### ISSUES

A. Was there an assignment to the State of Connecticut (State) of the debtor's child support obligation in accordance with State Law and Title IV, section 402(a)(26) of the Social Security Act, as amended?

B. If so, is the child support obligation released by a discharge in bankruptcy under Title 11 of the United States Code?

## III.

### DISCUSSION

■ Section 402(a)(26) of the Social Security Act, as amended, 42 U.S.C. § 602(a)(26), directs the State to require an assignment to the State of a dependent child's right to support as a condition precedent to assistance under the AFDC program. The Connecticut assignment provision is contained in § 17–82b of the Connecticut General Statutes, which provides in pertinent part:

Application for aid

Application for aid under this chapter shall be made to the local officer of the town wherein the applicant resides, or directly to the commissioner of income maintenance. The name and address of each such applicant shall be recorded with the commissioner. Such application, in the case of aid to dependent children, shall be made by the supervising relative and shall contain the name and the exact residence of such relative, the name, place and date of birth of each dependent child, the social security number of the supervising relative and of each dependent child, and such other information as is required by the commissioner .... By such application, the supervising relative shall assign to the commissioner the right of support, present, past and future, due all persons seeking assistance and shall assist the commissioner in pursuing support obligations due from the absent parent. Notice of such assignment shall be conspicuously placed on said application

and shall be explained to the supervising relative at the time of application.

Under Conn.Gen.Stat. § 17–85, a pregnant woman is eligible to apply for aid in her own right and as noted, the parties stipulated that the debtor's daughter applied for and did receive such assistance from April 7, 1981 to October 10, 1981, her eighteenth birthday.

The State contends that since the debtor's daughter applied for and received assistance under the AFDC program, she implicitly assigned her right to support *by operation of law*. The State's contention is without merit. This Court finds that Conn.Gen. Stat. § 17–82b requires an application for assistance to be in writing. An application which is not written can neither "contain" the information required in § 17–82b, nor have notice of the assignment "conspicuously placed on" it as is also required by § 17–82b. Accordingly, in the context of discharge litigation[3] there can be no assignment in Connecticut, as required by § 402(a)(26) of the Social Security Act, as amended, in the absence of a written application for assistance.

Here, as noted, there is no evidence that the debtor's daughter's application was in writing. Indeed, the stipulation, recounted above, merely recites that the debtor's daughter applied to the State as an unwed pregnant woman under eighteen years of age. Clearly, the receipt by the daughter of funds from the State may not be construed as an assignment in compliance with State and Federal law. Therefore, the State, having failed to follow its own statutory policy and procedure, may not now successfully challenge the dischargeability of the plaintiff's debt to the State.

## IV.

### ORDER

Having concluded that the debtor's daughter did not assign her support rights to the State, it is unnecessary for the court

3. See note 1.

to consider the remaining issues raised in this proceeding. It is therefore

ORDERED that the debtor's support obligation consisting of payments made by the State to the debtor's daughter between April 7, 1981 and October 10, 1981 is dischargeable and judgment may enter accordingly.