## STATE OF CONNECTICUT *v.* CHARLES B. ANGELO
## (13734)

Landau, Heiman and Daly, Js.

Argued September 26—decision released November 21, 1995

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellant (defendant).

*Edward F. Reynolds,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Mary Borden McKernan,* assistant attorney general, for the appellee (plaintiff).

DALY, J. The plaintiff, state of Connecticut, brought this action in conversion against the defendant, Charles B. Angelo. On cross motions for summary judgment, the trial court found in favor of the state. The defendant appealed. We affirm the judgment of the trial court.

The essential facts from which this controversy arose are not in dispute. The defendant is an attorney author-

ized to practice law in Connecticut. The defendant was retained by Joseph Fraenza to represent him in a claim for damages resulting from a fall that occurred on or about January 24, 1990. Fraenza's son was a beneficiary of public assistance from the state pursuant to the program to aid families with dependent children administered by the department of social services.

On or about February 26, 1992, the defendant was given written notice of the state's lien, pursuant to General Statutes (Rev. to 1991) §§ 17-83e and 17-83f (now §§ 17b-93 and 17b-94), against the proceeds of Fraenza's cause of action. The plaintiff's lien derived from the moneys paid by the state to or on behalf of Fraenza's son under the aid to dependent children program. See General Statutes (Rev. to 1991) §§ 17-83e[1] and 17-83f.[2]

[1] General Statutes (Rev. to 1991) § 17-83e (a) provides: "If a beneficiary of aid under this chapter has or acquires property of any kind or interest in any property, estate or claim of any kind, the state of Connecticut shall have a claim subject to subsections (b) and (c) of this section, which shall have priority over all other unsecured claims and unrecorded encumbrances, against such beneficiary for the full amount paid, subject to the provisions of section 17-83f, to him or in his behalf under said chapter; and, in addition thereto, the parents of an aid to dependent children beneficiary shall be liable to repay, subject to the provisions of section 17-83f, to the state the full amount of any such aid paid to or in behalf of either parent, his spouse, and his child or children. The state of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary, in addition and not in substitution of its claim, for amounts owing under any order for support of any court or any family support magistrate, including any arrearage under any such order, provided household goods and other personal property identified in section 52-352b and real property pursuant to section 17-82c, as long as such property is used as a home for the beneficiary, shall be exempt from such lien."

[2] General Statutes (Rev. to 1991) § 17-83f (a) provides: "In the case of causes of action of beneficiaries of aid under this chapter, subject to subsections (b) and (c) of section 17-83e, or of a parent of a beneficiary of the aid to families with dependent children program, the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid or fifty per cent of the proceeds received by such beneficiary or such parent after payment of all expenses connected with the cause of action, whichever is less, for repayment under section 17-83e, and shall have priority

On or about May 6, 1992, the defendant received further written notice from the state that the interim amount of the state's lien was $1011 for the period March 3, 1992, to March 31, 1992. The notice also informed the defendant that he should notify the state upon conclusion of the matter to obtain a final accounting and to satisfy the lien. Fraenza never executed an assignment to the state of any of the proceeds of the personal injury action.

On or about December 16, 1992, the defendant settled Fraenza's negligence action for $18,000. The defendant did not contact the state to determine the current amount due it pursuant to §§ 17-83e and 17-83f. Instead, on or about December 30, 1992, the defendant forwarded to the plaintiff a check in the amount of $1011, which was the interim figure provided to the defendant in May, 1992. That amount included only the public assistance provided to the defendant's son during the month of March, 1992. During the period March 3, 1992,

over all other claims except attorney's fees for said causes, expenses of suit, costs of hospitalization connected with the cause of action by whomever paid over and above hospital insurance or other such benefits, and, for such period of hospitalization as was not paid for by the state, physicians' fees for services during any such period as are connected with the cause of action over and above medical insurance or other such benefits; and such claim shall consist of the total assistance repayment for which claim may be made under the provisions of this chapter. The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17-83e, irrespective of any other provision of law. Upon presentation to the attorney for the beneficiary of an assignment of such proceeds executed by the beneficiary or his conservator or guardian, such assignment shall constitute an irrevocable direction to the attorney to pay the commissioner of administrative services in accordance with its terms, except if, after settlement of the cause of action or judgment thereon, the commissioner of administrative services does not inform the attorney for the beneficiary of the amount of lien which is to be paid to the commissioner of administrative services within thirty days of receipt of the written request of such attorney for such information, such attorney may distribute such proceeds to such beneficiary and shall not be liable for any loss the state may sustain thereby."

to August 31, 1992, the state had provided public assistance for the benefit of Fraenza's son in the total amount of $11,601.75. On the basis of that figure and §§ 17-83e and 17-83f, the state alleged that $4795.81 was then due to the state out of the defendant's settlement. The state did not cash the defendant's check because the check did not include the total amount the state claimed was due pursuant to the statute.

In order to recover the full amount it believed to be due and payable, the state commenced this action in conversion against the defendant. The defendant claims, as he did in the trial court, that he is not liable to the state for any amount because §§ 17-83e and 17-83f (now §§ 17b-93 and 17b-94) do not establish any lien on the proceeds, and because Fraenza never executed an assignment of the proceeds to the state. The defendant claims that §§ 17-83e and 17-83f are, therefore, not binding on him as an attorney.

Section 17-83e (a) specifically provides that "[t]he state of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary . . . ." Section 17-83f (a) provides: "In the case of causes of action . . . of a parent of a beneficiary of the aid to families with dependent children program, the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid or fifty per cent of the proceeds received by such beneficiary or such parent after payment of all expenses connected with the cause of action, whichever is less . . . . The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17-83e, irrespective of any other provision of law. . . ."

In *State* v. *Blawie*, 31 Conn. Sup. 552, 555, 334 A.2d 484 (1974), cert. denied, 167 Conn. 693, 333 A.2d 70

(1975), where the defendant raised similar defenses to those raised by the defendant in this action, the court found: "The language of § 17-83f broadened the rights of the state to causes of action of all beneficiaries and contained the added provision that the state's claim for reimbursement shall be a lien against the proceeds of the cause of action." The court in *Blawie*, in support of its decision, cited *McDougald* v. *Norton*, 361 F. Sup. 1325 (D. Conn. 1973), for the proposition that "even in the absence of an assignment as provided for in § 17-83f, this section gives the state a lien against all causes of action belonging to a public assistance beneficiary" or his parent. *State* v. *Blawie*, supra, 557. Hence, "[w]ith or without the assignment provision of the statute, the attorney becomes, not a collection agency for the state, but a stakeholder of funds against which conflicting claims are outstanding." Id., 558.

We agree with the court in *Blawie* that § 17-83f grants to the department of social services a valid lien on the proceeds of the cause of action in the hands of the defendant and that the action of the defendant in disbursing the funds in disregard of the state's lien constituted a conversion for which the state is entitled to damages.

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. In this matter, the material facts were not in dispute, and the state is entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.