**David Andrew HELDT and Janice K. Heldt**

v.

**STATE OF SOUTH DAKOTA—BROOKINGS COUNTY.**

Bankruptcy No. 481–00132.
Adv. No. 481–0228.

United States Bankruptcy Court,
D. South Dakota.

Jan. 7, 1982.

Clair R. Gerry, Stuart & Gerry, Sioux Falls, S. D., for plaintiff.

Richard D. Casey, Sp. Asst. Atty. Gen., Madison, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

It is the Court's understanding the parties are in the midst of a dischargeability of debt dispute under 11 U.S.C. § 523(a)(5)(A). In regard to counsel's letters of December 22 and 28, 1981, the Court perceives the issue to be resolved is:

Whether Section 2334 of Public Law 97–35, the Omnibus Budget Reconciliation Act of 1981, which amends 11 U.S.C. § 523(a)(5)(A) to make debts which are child support obligations assigned to a state under Section 402(a)(26) of the Social Security Act nondischargeable in bankruptcy applies retrospectively to a bankruptcy petition filed prior to the effective date of the Amendment.

## FINDINGS OF FACT

1. Debtor filed a petition for bankruptcy under Chapter 13 on June 15, 1981.

2. The effective date of Section 2334 of Public Law 97–35, the Omnibus Budget Reconciliation Act of 1981, is August 13, 1981.

3. The filing date of Debtors' Complaint is October 16, 1981.

4. Debtor Janice K. Heldt assigned her rights to the collection of child support arrearages due from Debtor David Heldt to the State of South Dakota pursuant to Section 402(a)(26). The amount of the arrearages is approximately $6,524.75 plus costs and interest.

5. Debtors were divorced but are now remarried.

6. Prior to August 13, 1981, 11 U.S.C. § 523(a)(5)(A) provided:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or . . . ."

7. Section 2334 of Public Law 97–35, the Omnibus Budget Reconciliation Act of 1981, provides:

"PUBLIC LAW 97–35—    95 STAT. 863
     AUG. 13, 1981

. . . . . . . . . . . . . . . . . . . . . . .

CHILD SUPPORT OBLIGA-
TIONS NOT DISCHARGED
     BY BANKRUPTCY

SEC. 2334. (a) Section 456 of 42 U.S.C. § 656. the Social Security Act is amended by adding at the end thereof the following new subsection:

(b) "A debt which is a child 42 U.S.C. § 602. support obligation assigned to a State under section 402(a)(26) is not released by a discharge in bankruptcy under title 11, United States Code.".

(b) Section 523(a)(5)(A) of title 11, United States Code, is amended by inserting before the semicolon the following: "(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act)".

(c) The amendments made by Effective date. this section shall become effec- 42 U.S.C. § 656 note." tive on the date of the enactment of this Act.

## DEBTORS' ARGUMENT

The dischargeability of the debt is not governed by Section 2334 of Public Law 97–35, the Omnibus Budget Reconciliation Act of 1981, because this law only affects those petitions filed after the effective date of August 13, 1981.

## CREDITOR'S ARGUMENT

The debt owed by Debtors to Creditor is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5)(A) as amended by the Omnibus Budget Reconciliation Act of 1981 because Debtors' Complaint was filed after the effective date of the amendment to the statute.

## CONCLUSIONS OF LAW

The first rule of a statutory construction is a statute is presumed to apply prospectively unless a legislature manifests a contrary intent. This Bankruptcy Court cannot find anything that would indicate Congress intended anything but a prospective application of the statute.

A fundamental principle of bankruptcy law is the filing of a bankruptcy petition triggers the automatic stay which fixes a creditor's rights in the debtor's property. From this principle, it can be gleaned Congress intended the bankruptcy filing date to be the guidepost in establishing a person's rights in bankruptcy. The date an adversary matter is commenced is irrelevant.

In light of the foregoing principles of law, this Bankruptcy Court holds Section 2334 of Public Law 97–35, the Omnibus Reconciliation Act of 1981, applies prospectively and does not affect the rights of parties in bankruptcies filed prior to August 13, 1981, the effective date of the amendment.

Furthermore, Debtors' child support debt which was assigned to the State is dischargeable under 11 U.S.C. § 523(a)(5)(A).

The foregoing shall constitute Findings of Fact and Conclusions of Law, and attorney for plaintiffs shall submit an order consistent with this decision.