**In the Matter of James E. HAZEN, Sherry Hazen, Debtors.**

**STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff,**

**v.**

**James E. HAZEN, Defendant.**

**In re Eugene L. REYNOLDS, Elaine M. Reynolds, Debtors.**

**STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff,**

**v.**

**Eugene L. REYNOLDS, Defendant.**

**Adv. Nos. 81–0533, 81–0618.**

United States Bankruptcy Court, D. Idaho.

April 19, 1982.

Christopher D. Bray, Boise, Idaho, for plaintiff, State of Idaho.

Kenneth L. Anderson, Lewiston, Idaho, for defendant James E. Hazen.

Coughlan, Coughlan & Korn, Boise, Idaho, for defendant Eugene L. Reynolds.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

In each of these cases the court is asked to decide but one issue: whether the dischargeability of a child support obligation assigned to the state under 11 U.S.C. 523(a)(5)(A) is to be determined by the law in effect at the time of filing the debtors' petitions for relief or by the law in effect at some other time such as the date of entry of discharge or the date of rendering the decision on the complaints.

In *State of Idaho v. Hazen,* 81–0533, the debtor James E. Hazen and his former wife, Carla, were divorced in 1977. Carla Hazen received custody of their children and James Hazen was obligated by the divorce decree to pay support. Carla Hazen received public assistance payments during various periods in 1977 and 1978 and executed two assignments of her rights to child support to the Idaho Department of Health & Welfare. James and Sherry Hazen filed their petition for relief under chapter 7 of Title 11, U.S.C. on April 29, 1981. The relevant amendment to 11 U.S.C. 523(a)(5), considered in detail *infra,* became effective

August 13, 1981. Debtors received their discharge on September 11, 1981. The present complaint objecting to the dischargeability of the assigned child support obligation was filed on October 23, 1981.

In *State of Idaho v. Reynolds,* 81–0618, debtor Eugene L. Reynolds was divorced from Karen Reynolds in January, 1976, and a child support obligation established. Karen Reynolds thereafter received public assistance for the benefit of the children and executed an assignment of her rights to receive child support payments in favor of the Department of Health & Welfare. Debtors Eugene and Elaine Reynolds filed their petition for relief under chapter 13 of the Code on June 29, 1981. Approximately one month subsequent to the August 13, 1981 amendment of Section 523, the debtors' chapter 13 plan was confirmed. The instant complaint was filed in December, 1981.

Prior to August 13, 1981, Section 523 provided:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . . ."

Public Law 97–35, § 2334(b), 95 Stat. 863, amended the above subsection to read:

"(A) such debt is assigned to another entity voluntarily, by operation of law, or otherwise, (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act) . . . ."

This amendment became effective on the date of enactment, August 13, 1981. The parenthetical clause makes any child support obligation assigned under the said Social Security Act provision nondischargeable in bankruptcy.

Research has disclosed a split in authority on the question of what law governs a determination of dischargeability of a debt when there has been an "intervening" change of law. It can be noted that most of this precedent concerns the question of the dischargeability of student loan obligations and the somewhat tortured Congressional actions in that regard.

Plaintiff herein relies primarily on *In re Spell*, 650 F.2d 375 (2nd Cir. 1981), also found at p. 96 of the special appendix to Volume 11, West Bankruptcy Reporter. The court therein determined that it "must apply the law that exists as of the date it renders its decision" on the question of the dischargeability of a debt. *Spell* itself relies upon, in particular, *In re Carter*, 32 F.2d 186 (2nd Cir. 1929) and *Royal Indemnity Co. v. Cooper*, 26 F.2d 585 (4th Cir. 1928). See also *In re Sloss*, 192 F.Supp. 136 (D.C.S.D.N.Y.1961).

In general, these cases stand for the proposition that a debtor under the Act had no right to rely on the state of the law as it existed on the date the petition in bankruptcy was filed or on the date application was made for discharge, but rather was subject to the law as it existed on the date the court passed on the question of dischargeability of a given debt. In addition to *Spell* and its predecessors, the courts in *In re Piccione*, 1 B.R. 364, 5 B.C.D. 1076 (Bkrtcy.D.Conn.1979); *In re Payton*, 4 B.C.D. 976 (Bkrtcy.E.D.Pa.1978); *In re Johnson*, 5 B.C.D. 532 (Bkrtcy.E.D.Pa.1979); and *In re Leach*, 15 B.R. 1005, 8 B.C.D. 587 (Bkrtcy.D.Conn.1981), have also adopted a point in time other than that of the filing of the petition for relief as the date at which then existent law is to be utilized in passing upon a dischargeability issue.

While *Spell* and the earlier federal cases explicitly held that the law on the date of decision by the court governs, the later Bankruptcy Court decisions appear to have adopted the position that it is the law in effect at the time the discharge is entered releasing the debtor from all dischargeable debts that controls. As noted in *Piccione*, the earlier federal cases under the Bank-

ruptcy Act were not clear in establishing whether it was the law at time of application for discharge or that at the time of passing upon that application which was to be applied. Indeed, *Piccione* notes that the Bankruptcy Court decisions continue to be vague as to which point in time controls. See 1 B.R. at 367, n.11. However, it is clear that these courts have adopted the position that the law in existence at either the date of entry of the discharge under the Code or the date of ruling on a complaint objecting to the discharge of a given debt will be determinative.

A second well established line of authority holds that the law in existence on the date the petition for relief is fixed is to be applied in ruling upon complaints objecting to the dischargeability of debts. Research has disclosed that, among others, the following cases have adopted this position. *Heldt v. State of South Dakota*, 17 B.R. 519 (Bkrtcy.D.C.S.D.1982); *In re Williams*, 9 B.R. 1004, 4 C.B.C.2d 238 (Bkrtcy.E.D.Va. 1981); *In re Littell*, 6 B.R. 85, 6 B.C.D. 1049, 2 B.C.2d 1105 (Bkrtcy.D.Or.1980); *In re James*, 4 B.R. 115 (Bkrtcy.W.D.Pa.1980); *In re Bruce*, 3 B.R. 77, 6 B.C.D. 36 (Bkrtcy.N.D.Ill.1980); *In re Sawaya*, 2 B.R. 37, 5 B.C.D. 1072 (Bkrtcy.D.Mass.1979); *In re Carpenter*, 5 B.C.D. 577 (Bkrtcy.D.Colo. 1979). These cases rely in particular upon the statements of the U. S. Supreme Court in *United States v. Marxen*, 307 U.S. 200, 59 S.Ct. 811, 83 L.Ed. 1222 (1939) and *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924) which established the basic proposition that the substantive rights of the parties were fixed under the Bankruptcy Act at the time of the filing of the petition in bankruptcy. In addition, the *Williams* and *Bruce* decisions analyze the *Spell* line of authority.

A basic distinction to remember is that the *Spell* case and the Bankruptcy Courts following *Spell* are relying on decisions made at a time when, under the Act, the debtor was required to make a formal application for discharge. The fact that these courts would apply the law in effect as of the application for discharge, or the ruling

thereon, is not necessarily determinative of the question under the current Bankruptcy Code. As was stated in *In re Carpenter, supra*:

"The filing of a petition in bankruptcy operates as an application for a discharge. Under the Rules of Bankruptcy Procedure, e.g., Rule 404, the Court must grant a discharge unless an objection to the granting of a discharge is lodged in a timely fashion. No such objection was filed herein, and a discharge issued.... That discharge is, of course, retroactive to the date of the filing of the petition and discharges the Bankrupt from all 'dischargeable debts.' Those dischargeable debts were fixed as of the date of the filing of the petition in bankruptcy. Of course, declarations of the effect of the discharge occur thereafter, but the critical date is the date of the filing of the petition applying for a discharge."

See also *In re Williams, supra*, 9 B.R. at 1006.

I am of the opinion that the statement of general philosophy in *Marxen* and *White v. Stump*, to the effect that substantive rights are fixed on the date of the filing of the petition for relief, has been adopted by Congress as the overriding principle under the Bankruptcy Code. As was noted in *Carpenter*, the filing of the petition operates as an application for a discharge under Section 727, which discharge would release the debtor from debts in existence on the date of the petition which are not excepted from discharge by Section 523.

The filing of the petition initiates many of the most significant provisions of the Code: it operates as a stay under Section 362; it establishes the date at which secured claims are evaluated under Section 506; it establishes a date for entitlement to exemptions as was clearly determined in *White v. Stump*; it is a necessary element in determining what constitutes property of the estate under 541; it creates a point from which preferential transfers under Section 547 are measured; and it is also relevant to the operation of a great number of other provisions of the Code. And I conclude herein that it also establishes

which substantive law will govern the determination of the dischargeability of a debt. To hold otherwise, and to apply changing law to the determination of such a question, would remove any concept of certainty or equality of treatment under the Code. Parties inevitably would be forced to engage in speculation as to what changes might be made in the law by Congress within the near and not-so-near future. Since under Bankruptcy Rule 409 a complaint objecting to the dischargeability of a debt, other than under Section 523(a)(2), (4) and (6), may be brought at any time, all cases would essentially remain open and the rights of the parties remain susceptible to change. I find such a result unacceptable.

I therefore find that the debts herein which reflect assigned child support obligations are dischargeable under section 523(a)(5)(A) as it existed on the date the debtors' petitions for relief were filed and the cases commenced. This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. Defendants in their respective cases are requested to prepare proposed judgments for review and execution by the court.

IT IS SO ORDERED.