In re Alan C. KUEHNDORF, Debtor.

Alan C. KUEHNDORF,
Plaintiff-Appellee,

v.

STATE OF WISCONSIN, Acting Through
the BARRON COUNTY DEPART-
MENT OF SOCIAL SERVICES, FAMI-
LY SUPPORT DIVISION, Defendant-
Appellant.

Bankruptcy No. EF7–81–0131.

Adv. No. 82–0082.

No. 82–C–582.

United States District Court,
W.D. Wisconsin.

Sept. 14, 1982.

Terrence R. Spaeth, Herrick, Hart,
Duchemin, Danielson, Guettinger & Richie,
Eau Claire, Wis., for debtor.

Bronson C. La Follette, Atty. Gen., F.
Thomas Creeron, III, Asst. Atty. Gen., Mad-
ison, Wis., for defendant-appellant.

## MEMORANDUM AND ORDER

SHABAZ, District Court.

This is an appeal from an order of the
Bankruptcy Court, the Hon. William H.
Frawley, Bankruptcy Judge, presiding,
which determined that the claim of the
State of Wisconsin for support money in the
amount of $3,246.30 be discharged.

The facts are not in dispute.

The debtor Alan C. Kuehndorf filed a
petition in bankruptcy on June 16, 1981.

On July 20, 1981, the State of Wisconsin
filed its claim in said bankruptcy proceed-
ings in the amount of $3,246.30, the claim
representing an amount of delinquent child
support arising from a divorce proceeding
between debtor and his former spouse, the
right to child support having been assigned
to the State of Wisconsin.

The Omnibus Budget Reconciliation Act
of 1981 (OBRA), § 2334(a) of Public Law,
No. 97–35 became effective August 13,
1981, the pertinent section stating as fol-
lows:

> (a) Section 456 of the Social Security Act
> is amended by adding at the end thereof
> the following new subsection: "(b) A
> debt which is a child support obligation
> assigned to a State under section
> 402(a)(26) is not released by a discharge
> in bankruptcy under Title 11, United
> States Code."

The debtor received his discharge on Oc-
tober 14, 1981.

At the time debtor filed his petition in
bankruptcy, the debt of the State of Wis-
consin would have been discharged in bank-
ruptcy.

The Court concludes that the debt was
not dischargeable on October 14, 1981, two
months after the effective date of the law
referred to herein.

## OPINION

An examination of *Bradley v. Richmond
School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40
L.Ed.2d 476, has satisfied this Court that
the decision is controlling.

The opinion written by Justice Blackmun at page 711, 94 S.Ct. at page 2016 states as follows:

We anchor our holding in this case on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.

The origin and the justification for this rule are found in the words of Mr. Chief Justice Marshall in *United States v. Schooner Peggy*, [5 U.S.] 1 Cranch 103 [2 L.Ed. 49] (1801):

"It is in the general true that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional . . . I know of no court which can contest its obligation. It is true that in more private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns . . . the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."

The law in effect at the time the Bankruptcy Court rendered its decision and at the time of this Court's decision is that Congressional enactment previously referred to herein where Congress has stated that *debt which is a child support obligation assigned to a state is not released by a discharge in bankruptcy.* Nowhere does it appear that a manifest injustice would occur in applying the law in effect at the time this Court renders its decision. There is no question that this represents an obligation of the debtor for delinquent child support which has been assigned to the State of Wisconsin. There is no manifest injustice in expecting that this obligation will, in fact, be paid.

Nor from an examination of the Legislative history does this Court find there to be a statutory direction or history to the contrary.

The brief report of the Committee on the Budget relating to H.R. 3982, at page 260 thereof, states that:

Section 334 would reinstate the provision previously in effect which provides that a child support obligation assigned to a State as a condition of AFDC eligibility is not discharged in bankruptcy, *effective upon enactment.*

The emphasis is added by the Court, which is of the opinion that Congress could have provided for that imaginative exception which is being requested by the debtor.

No exception has been provided, and this Court is of the further opinion that if Congress intended to provide a discharge to those who filed prior to its enactment, it could very well have so indicated. It did not. Effective upon enactment to this Court means plainly and simply *effective upon enactment.*

The enactment was August 13, 1981, and the order of discharge was October 14, 1981. Consequently, the claim of the State of Wisconsin for child support previously assigned to it by debtor is not dischargeable in bankruptcy.

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court is reversed, and that the claim of the State of Wisconsin in the amount of $3,246.30, together with interest at 7% from February 6, 1981, is not dischargeable in bankruptcy.