In the Matter of Eugene L. REYNOLDS, Elaine M. Reynolds, Debtors.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff,

v.

Eugene L. REYNOLDS, Defendant.

In the Matter of Alan Eugene LINDNER, Debtor.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff/Appellant,

v.

Alan Eugene LINDNER, Defendant/Respondent.

In the Matter of James E. HAZEN, Sherry Hazen, Debtors.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff/Appellant,

v.

James E. HAZEN, Defendant/Respondent.

In the Matter of Michael A. MILTIMORE, Rosalie A. Miltimore, Debtors.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff/Appellant,

v.

Mike A. MILTIMORE, Defendant/Respondent.

In the Matter of Robert Scott WINTERFELD, Debtor.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, Plaintiff,

v.

Robert S. WINTERFELD, Defendant.

Bankruptcy Nos. 81–01099, 81–00664, 81–00733, 81–02037 and 81–01055.

Adv. Nos. 81–0618, 81–0534, 81–0533, 81–0532 and 82–0246.

United States District Court, D. Idaho.

Dec. 14, 1982.

Christopher D. Bray, Bray & Berenter, Boise, Idaho, for appellant State of Idaho.

Jerry W. Korn, Coughlan, Coughlan & Korn, Boise, Idaho, for appellee Eugene L. Reynolds.

MEMORANDUM OPINION

RYAN, District Judge.

These cases are brought to this court on appeal from the United States Bankruptcy

Court for the District of Idaho. In an effort to expedite these appeals, the counsel and parties stipulated that these appeals should be consolidated and decided on the basis of the trial briefs submitted by the parties in the adversary proceeding, *State of Idaho, Department of Health and Welfare v. Reynolds,* 19 B.R. 545 (Bkrtcy.Idaho, 1982).

The only question in these appeals is whether the August 13, 1981, amendment to Section 523(a)(5) of the Bankruptcy Code [11 U.S.C. § 523(a)(5) (Supp. V, 1981)] applies to cases filed before August 13, 1981.

In *State of Idaho v. Reynolds,* 19 B.R. 545, Debtor Eugene L. Reynolds was divorced from Karen Reynolds on January 28, 1976, and ordered by the court to pay monthly child support payments until his children obtained the age of majority. Upon Mr. Reynolds' failure to comply with the Order, Karen Reynolds applied for support payments from the State of Idaho Department of Health and Welfare (hereinafter "Department").

Section 402(a)(26) of the Social Security Act 42 U.S.C. § 602(a)(26) (1976), requires that as a condition of eligibility for AFDC payments, the claim of a wife for the payments against a husband is required to be assigned to the State. Karen Reynolds complied with this requirement and began receiving payments from Aid to Families with Dependent Children (AFDC) Fund in 1976. On June 29, 1981, Debtors Eugene and Elaine Reynolds filed a petition for relief under Chapter 13 of the Bankruptcy Code. Between the time of the Reynolds filing their petition for bankruptcy and the confirmation of the Debtors' Chapter 13 plan, Congress enacted legislation which amended a portion of the Bankruptcy Code. Prior to August 13, 1981, Section 523 provided:

> (a) A discharge under Section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...
>> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ....

11 U.S.C. § 523(a)(5) (Supp. III, 1979). On August 13, 1981, Section 523(a)(5) was amended by Section 2334(b) of the Omnibus Budget Reconciliation Act of 1981 to read:

> (A) such debt is assigned to another entity voluntarily, by operation of law, or otherwise, (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act) ....

August 13, 1981, P.L. 97–35, 95 Stat. 863. The clause in parentheses makes any child support obligation assigned under the Social Security Act provision non-dischargeable in bankruptcy. The amendment became effective August 13, 1981.

The question presented in these appeals is, what is the effect of the August 13, 1981, amendment on the dischargeability of debtors' obligation to the Department? Appellant argues that the date upon which the Debtors' plan was confirmed by the Bankruptcy Court should be the date upon which the law is given effect. Thus, the Department alleges that the obligation owed by Debtors to the Department should be non-dischargeable because the amendment took effect prior to the confirmation by the Bankruptcy Judge. Respondent asserts that the laws in effect at the time of the filing of the petition for bankruptcy should govern, and thus the debt is dischargeable because the Debtors filed for bankruptcy prior to the enactment of the amendment. For the reasons laid out in *Matter of Flamini,* 19 B.R. 303 (Bkrtcy.E.D.Mich.1982), and *Matter of Hazen,* 19 B.R. 545 (Bkrtcy.D.Idaho 1982), I conclude that the date which determines the applicable law is the date on which the petition is filed. I thus affirm Judge Young's decision that the Debtors' obligation to the Department is discharged.

As noted in *Matter of Hazen,* there is "a split in authority on the question of what law governs a determination of dischargeability of a debt when there has been an

'intervening' change of law." 19 B.R. at 547. On one side of the split is *In re Spell,* 650 F.2d 375 (2d Cir.1981), which stands for the proposition that "a court must apply the law that exists as of the date it renders its decision . . . ." 650 F.2d at 377. Judge Young noted correctly that *Spell* and cases similarly decided,

> stand for the proposition that a debtor under the Act had no right to rely on the state of the law as it existed on the date the petition in bankruptcy was filed or on the date application was made for discharge, but rather was subject to the law as it existed on the date the court passed on the question of dischargeability of a given debt.

19 B.R. at 547. However, it is uncontroverted that, "[t]here are few principles of our law more ancient, and none more respected, than the canon which holds that laws are enacted for the future." *South East Chicago Comm'n v. Department of H. & U. Dev.,* 488 F.2d 1119, 1122 (7th Cir. 1973). The Department would have us overturn this basic tenet of statutory interpretation in order to bring about a decision favorable to their position. Yet, they point out no language within the Act which indicates that their interpretation is consistent with what Congress intended.

In order to achieve a retroactive application of the amendment, the Department must either show that the Act explicitly allows for retroactive application or that the amendment is curative.

> "Curative" legislation, however, does not include any law which happens to have as its purpose the rectification of a previously existing inequity. Rather it is limited to laws which are intended to permit the accomplishment of a previously enacted design, which has failed to achieve its expected legal consequences by reason of some statutory inadequacy or irregularity.

*Silverlight v. Huggins,* 347 F.Supp. 895, 898 (D.V.I.1972). A reading of the amendment finds no indication that it was intended to be applied retroactively. A study of the history of the Act reveals that various in-terpretations and legislative changes took place prior to the August 13, 1981, amendment. Before 1975, courts split on whether a debtor could discharge an assigned support debt under 11 U.S.C. § 35(a)(7) (1976). The Congress resolved the controversy by amending the Social Security Act to make support payments pursuant to AFDC nondischargeable in bankruptcy. 42 U.S.C. § 656(b) (1976). Congress subsequently decided that the results of this legislation were too harsh on debtors and repealed Section 656(b) in Section 328 of the Bankruptcy Reform Act of 1978, P.L. 95–568, 92 Stat. 2679, and drafted Section 523(a)(5) to apply only to liabilities owed directly to a spouse. 11 U.S.C. § 523(a)(5) (Supp. III, 1979). States then lobbied Congress to reverse their repeal of dischargeability to states. The resulting enactment is the focus of this appeal. 11 U.S.C. § 523 (Supp. V, 1981). Thus, a reading of the Act and a study of its history leaves no possibility of concluding that the Act is to be applied to those who filed petitions for bankruptcy prior to August 13, 1981. Consequently, the Department's position is untenable.

On the other side of the split are the cases of *Matter of Hazen,* 19 B.R. 545, and *Matter of Flamini,* 19 B.R. 303 (for a more extensive, though not exhaustive list of cases similarly decided, *see Matter of Hazen,* 19 B.R. at 547) which stand for the proposition that dischargeability of debts turns on the law in existence on the day the debtor files for bankruptcy. I am convinced that this latter line of cases achieves the appropriate result:

> It must be presumed that a decision to begin a bankruptcy proceeding is not made lightly. The decision to file a petition is reached by a debtor after consultation with his attorney as to the advantages and disadvantages of such action. The single most important factor in this decision is the scope of the discharge: which of the debtor's obligations will be dischargeable and which will have to be paid. The debtor files a bankruptcy petition in reliance upon existing law.

*Matter of Flamini,* 19 B.R. at 306. This result assures that once a person decides to file a petition for bankruptcy, the laws which govern the dischargeability of debts will not change prior to an adjudication on the merits.

For the foregoing reasons I hereby find the decisions of the Bankruptcy Court for the District of Idaho correct, and the same are hereby AFFIRMED.