SETH, Chief Judge.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 

 
 *87
 
 In this appeal, the State as assignee of a debtor’s child support obligations, challenges the determination of governing law in the debtor’s bankruptcy proceedings. The State also challenges the constitutionality of the bankruptcy provision allowing for discharge of child support obligations assigned to the State.
 

 Plaintiff-appellee Billy Paul Franklin in 1981 filed a petition in bankruptcy and a complaint. The hearing on the matter was had in 1982. Mr. Franklin instituted the proceeding to determine the dischargeability of a debt owed to the State of New Mexico for assistance provided for an illegitimate child of whom Mr. Franklin is alleged to be the father.
 

 Prior to October 1, 1979, support obligations owed to the State were not discharge-able. However, this type of debt became dischargeable after that date pursuant to 11 U.S.C. § 523(a)(5). But on August 13, 1981, the Code was amended to again disallow the discharge of this type of debt.
 

 Thus at the time of filing of the bankruptcy petition the debt was dischargeable, but by the time of the hearing the bankruptcy law had been amended to disallow the discharge of the debt. The Bankruptcy Court found the debt to be non-dischargea-ble, applying the law in effect at the time of the hearing. The United States District Court for the District of New Mexico reversed the Bankruptcy Court, finding that, case precedent and the legislative scheme of the Bankruptcy Code dictates application of the law in effect at the time of the filing. We agree.
 

 Under
 
 Bradley v. Richmond School Board,
 
 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476, a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. The Bankruptcy Act provides a legislative scheme in which the time of filing is determinative of many substantial rights. For example, rights pertaining to the operation of the stay, the evaluation of secured claims, and the determination of what constitutes property of the estate are determined as of the time of filing. 11 U.S.C. §§ 362, 506, and 541 (1979). The District Court said:
 

 “The time of the filing of the petition in bankruptcy is so dominant in creating and preserving rights under the Code that, in order to be consistent with the legislative scheme, a court should apply the law in effect at the time of the filing of the petition.” (Citations omitted.)
 

 This court generally disfavors retrospective application of a law without a clear expression of legislative intent.
 
 Edgar v. Fred Jones Lincoln-Mercury of Oklahoma, Inc.,
 
 524 F.2d 162 (10th Cir.1975). The amendment to the Code making state-assigned child support obligations non-dischargeable contains no indication of a legislative intent that it apply retrospectively:
 

 “(c) The amendments made by this section shall become effective on the date of the enactment of this Act.”
 

 The Omnibus Budget Reconciliation Act of 1981, Pub.L. No. 97-35, § 2334(c). This provision indicates an intent for prospective application of the amendment.
 
 Accord, In re Morris,
 
 21 B.R. 816 (Bkrtcy.N.D.Iowa 1982);
 
 In re Flamini,
 
 19 B.R. 303 (Bkrtcy.E.D.Mich.1982).
 

 3
 
 Collier on Bankruptcy
 
 ¶ 523.15, at 523-112 (15th ed.), discusses the August 13, 1981 amendment:
 

 “While the decision of one court might indicate that the date of the discharge-ability hearing should be used as the controlling date, the better view is that the law in existence on the date of the filing of the petition should govern.” (Footnotes omitted.)
 

 Under
 
 Bradley v. Richmond School Board,
 
 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476, relied on by the trial court, the determination of whether an injustice would result from the application of the law in effect at the time of decision may be made by analyzing “(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those
 
 *88
 
 rights.”
 
 Bradley,
 
 at 717, 94 S.Ct. at 2019. In comparing the rights of the parties, it is clear that both the State and Mr. Franklin have strong interests: Mr. Franklin in having his statutory right to pursue a “fresh start” and to avoid unexpected obligations without notice and an opportunity to be heard, and the State in recouping the money spent on AFDC programs. However, as the District Court pointed out, the State's interests have been vindicated with the 1981 amendment making such debts assigned to the State non-dischargeable. The court stated:
 

 “The state has only a small interest in recouping those small amounts at issue in bankruptcies filed between October 1, 1979 and August 13, 1981, but not heard until after August 13, 1981.”
 

 The matter of what obligations will be discharged in the proceedings must be the center of the decision as to whether to file the petition or not to file. The law at the time the petitioner here made his decision and filed was that the obligation was dischargeable. That was also the state of the law when the proceedings appealed from were'commenced by petitioner. The law was changed before the hearing on discharge.
 

 We have carefully considered
 
 In re Spell,
 
 650 F.2d 375 (2d Cir.1981), which considered a situation where the petition was filed at a time when such an obligation as here considered was not dischargeable but was dischargeable when the hearing was held. We do not know whether such a mirror image case is contrary to our decision, but the factors existing at the time petitioner here decided to file are to us persuasive.
 

 The State asserts that the provision of the Bankruptcy Code allowing for discharge of state-assigned child support obligations violates the Tenth Amendment because it constitutes an impermissible federal interference with the traditional governmental function of the state in enforcing child support obligations.
 
 National League of Cities v. Usery,
 
 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245. The constitutionality under the Tenth Amendment of 11 U.S.C. § 523(a)(5)(A) was recently challenged by the state of Connecticut in
 
 In re Glidden,
 
 653 F.2d 85 (2d Cir.1981). There, the court pointed out that the bankruptcy law did not burden any traditional state governmental function in structuring services for the promotion of the welfare of its children. Rather, ■ the bankruptcy law affected the state’s ability to recoup indirectly some of its costs in administering the AFDC, itself a federal program.
 
 Id.,
 
 at 88. The court in
 
 Glidden
 
 said:
 

 “[I]t simply makes no sense to assert that Congress exceeds its constitutional authority when, in an otherwise reasonable exercise of its bankruptcy power, it impairs the value of support obligations assigned to a State — assets that are themselves created at federal instance. In sharp contrast to the statute struck down in
 
 National League of Cities,
 
 the discharge provision at issue here is not an exercise of federal power addressed to ‘the States in their capacities as sovereign governments,’ 426 U.S. at 852, 96 S.Ct. at 2474, that threatens their ‘ “ability to function effectively in a federal system,” ’
 
 id.,
 
 quoting
 
 Fry v. United States,
 
 421 U.S. 542, 547 n. 7, 95 S.Ct. 1792, 1795 n. 7, 44 L.Ed.2d 363 (1975). Its impact, moreover, is only indirect. Indeed, if the State considers the risk of losses through such discharges serious enough, it can act to strengthen its collection capability in order to minimize the amounts of arrearages that are allowed to accrue.”
 

 The State urges that child support obligations that come due after the filing in bankruptcy are obligations independent from the arrearages discharged in bankruptcy. We have here no judgment for child support payments creating obligations in installments which vest when due and unpaid.
 
 Slade v. Slade,
 
 81 N.M. 462, 468 P.2d 627. Therefore, we see no reason to divide the obligation to the State into pre- and post-filing debts. It is clear that Congress, in amending the law in 1981, did so because the effect of the discharge provision was to release the bankrupt from all
 
 *89
 
 child support payments. (S.Rep. No. 97-139, 97th Cong., 1st Sess. 523 (1981), U.S. Code Cong. & Admin.News 1981, p. 396.)
 

 We have considered the State’s allegations that the discharge provision violates the equal protection and due process clauses of the Fourteenth Amendment and find them to be without merit.
 

 AFFIRMED.