**In re Bobby PETTY, Debtor.**

**Bobby PETTY, Plaintiff,**

**v.**

**COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, and Family Support Trustee of Santa Clara County, Defendants.**

Bankruptcy No. 85–00083.
Adv. No. 85–0135.

United States Bankruptcy Court,
M.D. Alabama, E.D.

Feb. 10, 1986.

David S. Yen, Opelika, Ala., for plaintiff/debtor.

Randal Spear, Opelika, Ala., for defendants.

Curtis C. Reding, Montgomery, Ala., trustee.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

A. POPE GORDON, Bankruptcy Judge.

In this Chapter 13 case, debtor filed a complaint to determine the dischargeability of a debt for child support which was assigned by debtor's former wife to Santa Clara County, State of California and Family Support Trustee of Santa Clara County, California prior to August 13, 1981.

Trial was held February 5, 1986, in Opelika, Alabama before the Honorable A. Pope Gordon, Bankruptcy Judge for the Middle District of Alabama. Present were the debtor/plaintiff, the debtor's attorney, and the Assistant District Attorney for the 37th Judicial Circuit (Lee County) of Alabama, acting as agent for Santa Clara County, California, and Family Support Trustee of Santa Clara County, defendants.

The undisputed facts of this case are the following:

1. Debtor filed a Chapter 13 petition January 17, 1985.

2. December 9, 1985, debtor filed an amended Schedule A–3, (creditors having unsecured claims without priority) to add the defendants' claim in the amount of $18,385.89.

3. This claim is the result of child support payments made by the defendants to the debtor's former wife, Nancy Erlene Petty, prior to September, 1979.

4. The former Mrs. Petty had assigned her rights to support payments to the defendants pursuant to 42 U.S.C. § 602(a)(26) before August, 1981.

5. The District Attorney for the 37th Judicial Circuit of Alabama acts as agent for the defendants under authority provided under the Uniform Reciprocal Enforcement of Support Act. Alabama Code § 30–4–80, et seq. (1975).

The issue before the court is whether the dischargeability of this debt should be determined by the bankruptcy law in effect prior to August 13, 1981.

Debtor argues that the provisions of the 1981 Amendment to § 523(a)(5)(A) which excluded from dischargeability those child support debts assigned to a state agency under 42 U.S.C. § 602(a)(26) were not retroactive. Thus the debt to defendants having been incurred and assigned before the 1981 amendment ought to retain its status as a dischargeable debt. Omnibus Budget Reconciliation Act of 1981. (August 13, 1981, P.L. 97–35, Title XXIII, Subtitle A, Ch. 2, § 2334(b), 95 Stat. 863) (11 U.S.C. § 523(a)(5)(A)).

The defendants base their assertion of nondischargeability on the plain language of the Code in force when the debtor filed his petition, and on a Seventh Circuit case. See *Matter of Stovall*, 721 F.2d 1133 (7th Cir.1983).

At the time of the passage of the 1981 Amendment to § 523(a)(5)(A), there were cases pending in which the petitions had been filed but discharges had not entered. The Ninth Circuit Court of Appeals reversing the District Court held that the amendment to the Code was applicable to cases pending on the effective date of the stat-ute. See *Matter of Reynolds*, 726 F.2d 1420 (9th Cir.1984). However, the Tenth Circuit determined that the language of the amendment indicated that the legislature intended prospective enforcement. *Franklin v. State of New Mexico, etc.*, 730 F.2d 86 (10th Cir.1984).

The August 13, 1981 Amendment is discussed in 3 *Collier on Bankruptcy*, § 523.-15 at 523–112 (15th Ed.) as follows:

"While the decision of one court might indicate that the date of dischargeability hearing should be used as the controlling date, the better view is that the law in existence on the date of the filing of the petition should govern." [Footnotes omitted]

It appears that while there may have been some controversy concerning this issue for cases pending at the time of the enactment of the 1981 amendment, it is clear that cases filed prospectively were to be governed by the amended law.

The argument of the defendants is well taken, and the court finds that the debt owed to them is nondischargeable.

An appropriate order will enter.