SCHINDLER, Appellant,

v.

SCHINDLER, n.k.a. Semelsberger, Appellee.

[Cite as *Schindler v. Schindler* (1994), 95 Ohio App.3d 277.]

Court of Appeals of Ohio,
Summit County.

No. 16413.

Decided May 18, 1994.

*James K. Reed,* for appellant.

*Michele A. Tomer,* Summit County Assistant Prosecuting Attorney, for appellee.

---

REECE, Presiding Judge.

Plaintiff-appellant, Richard Schindler, appeals the trial court's judgment that his child support arrearages, accumulated and assigned to the state prior to October 1981, were not discharged in bankruptcy proceedings. We reverse.

Richard married Kali Schindler, now known as Kali Semelsberger, on June 8, 1973. A daughter, Shawna, was born as issue of this marriage on November 25, 1973. Richard and Kali were divorced on November 6, 1975, and Richard was ordered to pay $64.36 per month for support of Shawna.

Richard married Kathryn Schindler on November 16, 1975, and one child, Audri, was born as issue of the marriage on September 7, 1976. This marriage also ended in divorce and Richard was ordered to pay $25 per week as child support. Both of Richard's ex-wives received aid to families with dependent children after their divorces and assigned their rights to receive child support payments to the state.

On June 30, 1981, Richard filed a voluntary petition for bankruptcy. On October 8, 1981, a hearing was held in the Summit County Domestic Relations Court to show cause why Richard should not be held in contempt for failure to pay child support. Richard filed an amended schedule to his bankruptcy petition on October 9, to include this past due child support assigned to the state. Richard received his bankruptcy discharge on October 27, 1981.

Shawna, Richard's daughter with Kali, graduated from high school on June 2, 1992, terminating Richard's current child support obligation to her. Richard, however, still owed arrearages which had accumulated after his bankruptcy discharge and continued to pay the Child Support Enforcement Agency ("CSEA"). A dispute developed between CSEA and Richard regarding whether Richard's pre-bankruptcy arrearages had been discharged in the bankruptcy proceedings. A hearing was held on April 16, 1993, before a referee of the domestic relations court to consider this issue. The referee issued a report finding that the debt was nondischargeable and that the state should be granted a judgment for those arrearages. Richard objected to this report, which the trial court adopted over his objections. Richard appeals from the trial court's decision adopting the referee's report, raising one assignment of error:

"The trial court erred as a matter of law in holding that appellant's past due child support obligation, previously assigned to the Summit County Child Support Enforcement Agency, was a nondischargeable debt in appellant's bankruptcy petition filed on June 30, 1981."

When Richard's bankruptcy petition was filed, the law governing the discharge of unpaid child support obligations provided:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

"* * * *

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise[.]" Section 523(a)(5)(A), Title 11, U.S.Code.

While Richard's petition was pending, an amendment to paragraph (A) of this section became effective which established:

"(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise *(other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State )*[.]" (Emphasis added.)

Thus, the issue in this case is whether the dischargeability of a debt in bankruptcy is controlled by the law in effect at the time of the filing of the bankruptcy petition or at the time the court renders its judgment.

Two federal courts of appeals have reached different conclusions on this issue. The Ninth Circuit has held that the dischargeability of a child support obligation should be determined by the law in effect at the date of the court's judgment. *In re Reynolds* (C.A.9, 1984), 726 F.2d 1420. This ruling was based on the general principle that a court is to apply the law in effect at the time it renders its judgment unless there is statutory direction or legislative history to the contrary or manifest injustice would occur by applying the amendment. *Id.* at 1422–1423, citing *Bradley v. School Bd. of the City of Richmond* (1974), 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476. According to the Ninth Circuit, the 1981 amendment to Section 523(a)(5)(A) gave no indication that it was intended to be inapplicable to pending matters and no manifest injustice arose when applying the law in effect at the date of the district court's decision.

The Tenth Circuit Court of Appeals, conversely, applied the law in effect when the bankruptcy petition was filed. *Franklin v. New Mexico* (C.A.10, 1984), 730 F.2d 86. The *Franklin* court also applied the standard under *Bradley,* but found that the importance of the petition's filing date in bankruptcy proceedings

required that the law on the date of filing control the discharge of a child support obligation. *Id.* at 87–88.

The federal bankruptcy courts have also split on this issue. The courts in *Heldt v. South Dakota* (S.D.1982), 17 B.R. 519, *In re James* (W.D.Penn.1980), 4 B.R. 115, and *In re Combs* (B.A.P.9, 1989), 101 B.R. 609, all found that the date the petition is filed determines the law to apply to a bankruptcy petition. Other courts have held the law in effect at the date of decision should apply. *In re Kuehndorf* (W.D.Wis.1981), 24 B.R. 555; *In re Esposito* (Conn.1983), 31 B.R. 872. One commentator has suggested that the date of the filing of the petition should govern which law to apply. 3 Collier on Bankruptcy (15 Ed.1994) 523–123, Par. 523.15.

 The decision to apply the amended version of Section 523(a)(5)(A), Title 11, U.S.Code is a question of law subject to *de novo* review. *Reynolds, supra,* 726 F.2d at 1421. We find the rule espoused in *Franklin* to be more persuasive. The date of the filing of a bankruptcy petition is the "guidepost in establishing a person's rights in bankruptcy." *Heldt, supra,* 17 B.R. at 521. It triggers an automatic stay which sets the creditor's rights in the bankruptcy property. *Id.;* Section 362, Title 11, U.S.Code. The debtor's rights in exempt property are defined at this time, regardless of any later change in circumstances. *Combs, supra,* 101 B.R. at 614. Any creditor's claim allowed in the bankruptcy proceedings shall be valued at this time. Section 502(b), Title 11, U.S.Code. Most important, a discharge in bankruptcy is retroactive to the date of the filing of the petition. *James, supra,* 4 B.R. at 117–118.

 Because of these and other rights that arise with the filing of a petition, courts have noted that the proposition that substantive rights are fixed on the petition's filing date has been adopted by Congress as the overriding principle under bankruptcy law. *Combs, supra,* 101 B.R. at 614, citing *In re Hazen* (Idaho 1982), 19 B.R. 545, 548. Thus, at the center of the decision to begin a "fresh start" by filing a bankruptcy petition lies the matter of what obligations will be discharged.[1] *Franklin, supra,* 730 F.2d at 88. Accordingly, we find a statutory direction exists in bankruptcy law which requires the law in effect at the time a bankruptcy petition is filed to determine a debt's dischargeability. Thus, the trial court erred in not applying that principle in this case.

██ CSEA also asserts that the doctrine of *res judicata* bars the consideration of this question as the trial court reduced Richard's pre-bankruptcy arrearages to a lump-sum judgment on December 2, 1981. However, the record

---

1. While Richard amended his petition to include child support arrearages, the state fails to contest that the amendment relates back to the filing of the petition.

before us indicates that this issue was not addressed to the trial court. We will not review an issue on appeal that could have been raised at the trial court level but was not. *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1993), 91 Ohio App.3d 76, 80, 631 N.E.2d 1068, 1071. Further, CSEA did not assign as error the trial court's failure to utilize *res judicata*. Accordingly, Richard's assignment of error is well taken.

The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN and DICKINSON, JJ., concur.